UNITED STATES OF AMERICA
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                             No. 2:13-cr-20013

MARK MINK                                                                   DEFENDANT

**ORDER**

Before the Court is Defendant Mark Mink's motion (Doc. 45) to reduce his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). The Government filed a response (Doc. 47) in opposition. The motion will be denied.

On March 6, 2013, Mink was charged by indictment of one count of enticing a minor to engage in sexual activity and one count of accessing child pornography. Mink pled guilty to the enticement count and the Court sentenced him to a term of imprisonment of 120 months—the mandatory minimum under 18 U.S.C. § 2422(b). According to BOP public information accessible on its inmate locator website, Mink's anticipated release date is September 2021. The instant motion requests a reduction in sentence to time served due to the COVID-19 pandemic. The Court may modify a defendant's term of imprisonment if the defendant has exhausted BOP administrative remedies (or that process has stalled), extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c). In this case, the § 3553(a) factors do not support modification.

Mink notes in his in motion that he has been a model inmate during his incarceration. He has obtained his GED and appears to be actively taking 12 classes. Mink expressed remorse for

his actions and assured the Court that recidivism is unlikely.  Though Mink appears to have made progress while in BOP custody, the Court does not believe the § 3553(a) sentencing factors, particularly the nature and circumstances of the offense, justify a sentence reduction.  Mink engaged in online communications with a fictitious female he believed to be 15 years old.  Mink arranged to meet the female on two separate occasions and made explicit suggestions that the two engaged in sexual intercourse.  On the second occasion, Mink suggested the fictitious female meet him at a predetermined location to have sex.  Upon his arrival at the location he described, Mink was arrested.  Not only did Mink seek out an individual he believed to be a minor for the purpose of engaging in sexual misconduct, he took affirmative steps to effect that purpose.

Congress imposed by statute a 10-year mandatory minimum term of imprisonment for enticement of a minor.  *See* 18 U.S.C. § 2422(b).  Mink offers no compelling reason to depart below the mandatory minimum, and the Court does not believe a reduction of Mink's sentence to time served is appropriate at this time.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 45) is DENIED.

IT IS SO ORDERED this 1st day of September, 2020.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE